UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE SIGMA DELTA CHAPTER OF THE FRATERNITY OF PHI GAMMA DELTA, DYLAN BARTOLO HERNANDEZ by and through his successor in interest, DYLAN HERNANDEZ JR., BARTOLO HERNANDEZ JR., and SYLVIE ANNETTE HERNANDEZ,<br>　　　　　　　　　　　　Defendants. | Case No.: 22-cv-01196-AJB-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**(Doc. No. 14)** |

　　　This action for default judgment on a complaint for declaratory relief is brought by Plaintiff Admiral Insurance Company ("Plaintiff"). Presently pending before the Court is (1) Plaintiff's Motion for Default Judgment, (Doc. No. 14); (2) Plaintiff's Request for Judicial Notice, (Doc. No. 15); and (3) Plaintiff's Declarations in Support of Motion for Default Judgment, (Doc. No. 16). Defendants, the Sigma Delta Chapter of the Fraternity of Phi Gamma Delta ("Sigma Chapter" or the "Chapter"), and Dylan Bartolo Hernandez by and through his successor in interest, Bartolo Hernandez Jr., Bartolo Hernandez Jr., and

1

Sylvie Annette Hernandez, (collectively, "Hernandez Defendants") have not opposed or otherwise appeared in this case.

For the reasons detailed below, the Court **DENIES** Plaintiff's motion for default judgment and **DISMISSES** Plaintiff's claims as to the Chapter for lack of subject matter jurisdiction. Accordingly, the Court **VACATES** the hearing scheduled for **July 13, 2023**.

## I.     BACKGROUND

Plaintiff issued a commercial general liability insurance policy to the Fraternity of Phi Gamma Delta ("PGD") for the period of March 1, 2019 through March 1, 2020 ("Policy"). (Doc. No. 1-2 at 4.) On November 6, 2019, the Chapter hosted a "Big Brother, Little Brother Night," during which Mr. Dylan Bartolo Hernandez was allegedly hazed, screamed at, demeaned, hit, and forced to consume large amounts of alcohol by the Chapter, which led to his untimely death. (Doc. No. 15-2 at 16–17.)

On August 18, 2022, Plaintiff filed the Complaint seeking declaratory judgment against Defendants, declaring it does not owe a duty to defend and indemnify the Chapter in connection with the underlying action filed in the San Diego County Superior Court, *Dylan Hernandez, et al. v. The Fraternity of Phi Gamma Delta, Inc.*, Case No. 37-2020-00043483-CU-PO-CTL, in which Plaintiff is presently providing a defense (the "Underlying Action"). (Complaint ("Compl."), Doc. No. 1, ¶ 1.) Plaintiff also seeks reimbursement of amounts paid to defend Sigma Chapter in the Underlying Action. (*Id*.) Plaintiff alleges the Chapter was not acting in compliance with PGD's Risk Management policies, which prohibits hazing and therefore disqualifies the Chapter as an insured with respect to the Underlying Action; thus, Plaintiff alleges it has no duty to defend or indemnify the Chapter under the Policy. (*Id.* ¶ 29.) In the alternative, Plaintiff alleges the Policy's Alcohol, Hazing, and Assault and/or Battery Exclusions preclude liability coverage for the Chapter under the Policy with respect to the Underlying Action. (*Id.* ¶ 30.)

On April 11, 2023, Plaintiff filed a proof of service stating the Chapter was served on October 26, 2022 through their agent of service, Mr. Garrett Livsey, the President of the Chapter when the alleged incident of the Underlying Action occurred. (Doc. No. 16-5

at 2; Doc. No. 14 at 11.) The Hernandez Defendants were served on September 26, and 27, 2022. (Doc. No. 16-6 at 2; Doc. No. 16-7 at 2; Doc. No. 16-8 at 2.)

On April 3, 2023, Plaintiff filed a request for Entry of Clerk Default against the Defendants, (Doc. No. 11), which was entered by the Clerk of Court on April 6, 2023, (Doc. No. 13). Plaintiff then moved for default judgment on April 11, 2023. (Doc. No. 14.) Defendants have not responded to the motion for default judgment or otherwise appeared in the matter.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. It is within the sound discretion of the district court to grant or deny a motion for default judgment. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the Court considers the following factors, commonly referred to as the *Eitel* factors: (1) "the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Generally, once the court clerk enters default, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992), *superseded by statute on other grounds*, Pub. L. No. 100-702, 102 Stat. 4669 ("In reviewing a default judgment, this court must take the well-pleaded factual allegations of [the complaint] as true.").

///

## III. REQUEST FOR JUDICIAL NOTICE

To begin, Plaintiff requests judicial notice of four exhibits as part of its motion. (Doc No. 16.) Under Federal Rule of Evidence 201, the court "may judicially notice a fact that is not subject to reasonable dispute" for the following two reasons: (1) "it is generally known within the trial court's territorial jurisdiction," or (2) it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Plaintiff asks the Court to take judicial notice of: (1) the Complaint for Declaratory Judgment filed in this action, dated August 18, 2022; (2) the Complaint filed in the San Diego Superior Court for the case titled *Hernandez, et al. v. The Fraternity of Phi Gamma Delta, Inc., et al.*, Case Number 37-2020-00043483-CU-PO-CTL, dated November 20, 2020; (3) Order of the San Diego County Superior Court issued in the Underlying Action, dated May 9, 2022; and (4) Motion to Quash Service filed in the Underlying Action by the Sigma Chapter dated March 3, 2022. (Doc. No. 16.)

The Court notes that courts routinely grant judicial notice of public records. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (a court may take judicial notice of "undisputed matters of public record"). Further, the court may grant judicial notice of proceedings in state court "if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 246 (9th Cir. 1992) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir.1979)). Accordingly, the Plaintiff's request for judicial notice of Exhibits 2–4 should be **GRANTED**.

However, the Court need not take judicial notice of its own docket or documents filed on the docket in this case. *Henricks v. Cal. Pub. Utilities Comm'n*, No. 17CV2177-MMA (MDD), 2018 WL 2287346, at *8 (S.D. Cal. May 18, 2018) (citing *Asdar Grp. v. Pillsbury, Madison, & Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996)) (finding moot the plaintiff's request for the Court to take judicial notice of pleadings filed on the docket in

4

this case). Because Exhibit 1 is already publicly filed on the docket, the Court **DENIES AS MOOT** Plaintiff's request for judicial notice as to Exhibit 1.

## IV. DISCUSSION

Plaintiff moves for default judgment on the Complaint for Declaratory Judgment. (Doc. No. 14.) Defendants did not respond to the motion for default judgment or otherwise appear in the matter. The Court will address each basis for default judgment below.

### A. Jurisdiction

Before addressing the merits of the motion for default judgment, the Court must be satisfied it has jurisdiction over Plaintiff's claims. Courts have a duty to examine their own jurisdiction—both subject matter and personal. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

#### 1. Subject Matter Jurisdiction

The Court must first determine whether it has subject matter jurisdiction to enter default judgment against the Defendants. *Crypto Asset Fund, LLC v. Hoard, Inc.*, No. 20-CV-438-MMA (AHG), 2020 WL 13556129, at *3 (S.D. Cal. Dec. 14, 2020). Because the district court is one of limited jurisdiction, a plaintiff always bears the burden to establish the Court's jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–189 (1936).

Here, Plaintiff brings this action pursuant to 28 U.S.C. § 1332. (Compl. ¶ 4.) The Court will have diversity jurisdiction over civil actions between citizens of different states in which "the matter in controversy exceeds the sum or value of, $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). That is, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). For purposes of diversity jurisdiction, the citizenship of unincorporated associations is determined by the citizenship of all its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990).

An unincorporated association as defined by the Supreme Court is "a body of persons united without a charter, but upon the methods and forms used by incorporated

bodies for the prosecution of some common enterprise." *Hecht v. Malley*, 265 U.S. 144, 157 (1924). California law similarly defines an unincorporated association as "an unincorporated group of two or more persons joined by mutual consent for a common lawful purpose, whether organized for profit or not." Cal. Corp. Code § 18035. Additionally, federal courts have acknowledged local fraternity chapters as unincorporated associations. *See Sendon v. Torres*, No. 15-CV-04538 (NSR), 2016 WL 1746111, at *2 (S.D. N.Y. Apr. 28, 2016) (finding a single member of defendant local fraternity chapter sharing a domiciliary with plaintiff destroyed diversity); *Lewis v. Univ. of S. Miss.*, 227 Fed. App'x 340, 341 (5th Cir. 2007) (recognizing a local fraternity as an unincorporated association, although not in dispute, to determine whether or not it is liable for acts committed by members) ; *Alpha Tau Omega Fraternity, Inc. v. Pure Country, Inc.*, No. IP 01–1054–C–B/F, 2004 WL 3391781, at *1 (S.D. Ind. Oct. 26, 2004) (accepting various plaintiff national college fraternities and sororities as unincorporated per their contractual licensing agreements with vendor defendant); *Kappa Sigma Fraternity v. Kappa Gamma Fraternity*, 654 F. Supp. 1095, 1096 (D. N.H. 1987) (recognizing plaintiff as an unincorporated international fraternal organization and defendant, a local seceding chapter, as an unincorporated fraternal organization in a trademark dispute). Further, an allegation of citizenship of an unincorporated association in the state in which it is organized does not make it a citizen of that state unless it is a corporation. *Chapman v. Barney*, 129 U.S. 677, 678 (1889) (a joint stock company, *i.e.*, a partnership, organized under New York law did not make it a citizen of New York). Thus, the state of organization of any unincorporated association is legally irrelevant to determine diversity jurisdiction. *Carden*, 494 U.S. at 192.

Here, the Court may not exercise subject matter jurisdiction over the Chapter at this time pursuant to 28 U.S.C. § 1332. Because the Chapter is an unincorporated association, it adopts the citizenship of each of its members. Here, Plaintiff fails to allege the citizenship of each member of the Chapter as required for diversity jurisdiction actions involving unincorporated associations. The Chapter's location in California is irrelevant in

determining citizenship for the purpose of diversity jurisdiction. As a result, Plaintiff fails to meet its burden of establishing jurisdiction for the Court. Accordingly, the Court lacks subject matter jurisdiction as to the Chapter because Plaintiff has not sufficiently pled complete diversity exists.

However, Plaintiff is a Delaware corporation with its principal place of business in Scottsdale, Arizona. (Compl. ¶ 2.) Plaintiff alleges the Hernandez Defendants are residents of the State of California (*Id.* ¶ 3.) It further alleges the Chapter is an unincorporated association under California law and is located in San Diego, California. (*Id.* ¶ 2.) Accepting Plaintiff's allegations as true, diversity exists amongst Plaintiff and the Hernandez Defendants as they are citizens of Arizona, Delaware, and California. Thus, the Court may exercise subject matter jurisdiction over the Hernandez Defendants.

When measuring the amount-in-controversy in a declaratory judgment case, a court can look to "the value of the object of the litigation." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 397–99 (3d Cir. 2016) (the value of litigation for plaintiff insurer is the total indemnity and defense obligation to the insured) (quoting *Hunt v. Wash. State Apple Advert. Comm'n,* 432 U.S. 333, 347 (1977)). Here, the value is determined by the Policy for which Plaintiff seeks judgment of its duties to defend and indemnify the Chapter in the Underlying Action per the Policy. (Compl. ¶ 11.) The amount in controversy is met here because the Policy to PGD "is subject to limit of $1 million per occurrence and $250,000 Self-Insured Retention payable by each insured." (*Id.*; Doc No. 1-2 at 5, 54.)

Although the amount in controversy is met, Plaintiff has not met its burden to establish the Court's jurisdiction over the Chapter under 28 U.S.C. § 1332(a). Moreover, the Hernandez Defendants "are joined in this action as Defendants because of their interest in the insurance coverage issues presented and so that they will be bound by any final adjudication resulting from this action." (Compl. ¶ 3.) Because Plaintiff in the instant action seeks a declaration that it has no duty to defend or indemnify the Chapter in the Underlying Action, the Court declines to analyze the merits of the motion for default judgment under *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), as to the Hernandez Defendants.

### 2. Personal Jurisdiction

The Court must also have personal jurisdiction over the defendant, or else entry of default judgment is void. *See Veeck v. Commodity Enters., Inc.*, 487 F.2d 423, 426 (9th Cir. 1973). For the reasons below, the Court finds it may exercise personal jurisdiction over Defendants.

### a. Service of Process

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Defendant Sylvie Annette Hernandez was personally served on September 26, 2022, at 141 Ryan Nicholas Drive, Kingsland, Georgia 31548. (Doc No. 16-6 at 2.) Defendants Dylan Bartolo Hernandez, by and through his successor in interest Bartolo Hernandez Jr., and Bartolo Hernandez Jr., as an individual defendant, were served on September 26, 2022[1] by serving Bartolo Hernandez Jr.'s wife, Sylvie Annette Hernandez, a person authorized to receive service on his behalf. (Doc No. 16-7 at 2; Doc No. 16-8 at 2.) Mr. Hernandez was also served in his capacity as both successor in interest and an individual defendant by first class mail on September 27, 2022, to the same address. (Doc. No. 16-7 at 4; Doc No. 16-8 at 4.) The Court concludes that service on the Hernandez Defendants is proper pursuant to Federal Rule of Civil Procedure 4(e)(2)(A) and 4(e)(2)(C) and California Code of Civil Procedure §§ 415.10 and 415.20.

Next, because the Chapter is an unincorporated association, service of process is governed by Federal Rule of Civil Procedure 4(h). The rule provides an association may be served pursuant to the state law where the district court is located or where service was made. *See* Fed R. Civ. P. 4(h)(1)(B) (referring to service under Rule 4(e)(1), which

---

[1] The Proof of Service of Summons indicates service to Dylan Hernandez by and through his successor in interest Bartolo Hernandez Jr occurred on September 21, 2022 by service through Sylvie Hernandez; however the Declaration of Diligence indicates service occurred on September 26, 2022, which is the same date Sylvie Hernandez was served with her summons. The Court will accept service of September 26, 2022 as the correct date of service. (*See* Doc. No. 16-7 at 2–3.)

provides for service pursuant to state law). Under California law, service of process on unincorporated associations is governed by the California Code of Civil Procedure. Under § 416.40 of the Code, an unincorporated association may be served by delivering a copy of the summons and complaint "to the president or other head of the association . . . ." Cal. Code Civ. Proc. § 416.40(b). Further, under California law, to be capable of service, an unincorporated association must not be disbanded pursuant to California Corporation Code Section 18410.

In the present case, taking as true the facts alleged, it appears the Chapter was not disbanded and thus was capable of service. (Doc. No. 14 at 13.) The Chapter was served by personal service to Mr. Garrett Livsey in his capacity as the agent for service of process at 18385 Babcock Rd, Apt 1032, San Antonio, Texas 78255-2637 on October 26, 2022. (Doc. No. 16-5 at 2.) As noted above, Mr. Livsey was the President for Sigma Chapter at the time of the incident alleged in the Underlying Action. (Doc. No. 14 at 11.) Therefore, as it appears the Chapter was capable of being served at time of service, the Court concludes service on Mr. Livsey as the agent of service for the Chapter was proper pursuant to Federal Rule of Civil Procedure 4(h)(1)(B) and California Code of Civil Procedure § 416.40(b).

### b.     Personal Jurisdiction

"A court's power to exercise jurisdiction over a party is limited by both statutory and constitutional considerations." *In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1135 (S.D. Cal. 2018). Where there is no federal statute governing personal jurisdiction, the district court will apply the law of the state in which it sits. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). Therefore, California state law will apply. *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). "California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); Cal. Civ. Proc. Code § 410.10. Accordingly, the Court will have personal jurisdiction over a defendant who is served a summons and is subject to the general

9

22-cv-01196-AJB-DDL

jurisdiction of California courts. *See* Fed R. Civ. P. 4(k)(1)(A). Here, personal jurisdiction over all Defendants appears to be satisfied. It is undisputed that the Chapter is an unincorporated association under California law and is located in San Diego, California. (Compl. ¶ 2.) The Hernandez Defendants are domiciled in the State of California. (*Id.* ¶ 3.) Thus, as all Defendants are subject to the general jurisdiction of the State of California, the Court has personal jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(1)(A).

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is **DENIED** and the Court **DISMISSES WITH LEAVE TO AMEND** Plaintiff's claims as to the Chapter for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: June 22, 2023

Hon. Anthony J. Battaglia
United States District Judge